**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTHA JULIA GONZALEZ, an individual, | **CASE NO. 5:17-cv-01397 TJH (SPx)** *[Assigned to the Hon. Terry J. Hatter, Jr.]* |
| Plaintiff, | **[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL PEACE OFFICER RECORDS DISCLOSED DURING DISCOVERY** |
| vs. | |
| CITY OF DESERT HOT SPRINGS, a political subdivision of the State of California; DAVID CHANG, an individual; COUNTY OF RIVERSIDE, a political subdivision of the State of California; and DOES 1-20 inclusive, | **[NOTE CHANGE MADE BY THE COURT TO ¶ 3(p)]** |
| Defendants. | |

Having reviewed and considered the parties Stipulation For Protective Order For Confidential Peace Officer Records Disclosed During Discovery, signed and agreed to by all parties in this matter, the Court hereby issues the requested protective order as follows:

///

///

*19477*

1

**[PROPOSED] PROTECTIVE ORDER**

Accordingly, IT IS HEREBY ORDERED that pursuant to Federal Rules of Civil Procedure Rule 26(c), a protective order is issued precluding publication and limiting the use of the following documents and information which contain confidential and privileged information as follows:

**1) <u>CONFIDENTIAL INFORMATION:</u>**

CONFIDENTIAL INFORMATION is:

(a) Any information or documents contained exclusively in the City of Desert Hot Springs personnel file, training file, or employment records of Officer Daud Chang. Such documents include, but are not limited to, training records prior to the date of the subject incident with Plaintiff occurring on or about March 22, 2014, and any investigation of the subject incident with Plaintiff occurring on or about March 22, 2014, and thereafter, and

(b) Any information obtained in anticipation of this litigation related to statements recorded by Desert Hot Spring's personnel, photos taken by Desert Hot Spring's personnel, videos made by Desert Hot Spring's personnel, any information contained exclusively in internal affairs investigation reports related to the arrest (if any), any such detention of Plaintiff., and any use of force upon or criminal history of persons other than Plaintiff. All such information and related information prior to the date of the subject incident with Plaintiff occurring on or about March 22, 2014, is deemed confidential and protected from disclosure under California state law and under Federal Law.

**2) <u>GOOD CAUSE EXISTS FOR ISSUANCE OF PROTECTIVE ORDER</u>**

(a) Good cause exists for issuance of a protective order pursuant to Federal Rule of Civil Procedure Rule 26(c) to facilitate the production of documents and information responsive to requests of Plaintiff and to balance the privacy interests and protection of information afforded to Defendant law enforcement officers in the state of California (including Defendant Daud Chang) that is statutorily deemed confidential and protected by California Evidence Code section 1040 *et seq.*, the

*19477*

official information privilege (*Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990)), California Penal Code section 832.5 *et seq.,* and California Evidence Code sections 1043 and 1045, and the right to privacy as guaranteed by the United States Constitution. *See, e.g.*, *Hogan v. Robinson*, No. CV F 03 6408 AWI LJO, 2006 WL 1049979, at *5 (E.D. Cal. Apr. 20, 2006); *Brooks v. Cnty. of San Joaquin*, 275 F.R.D. 528, 534 (E.D. Cal. 2011) and, therefore, production any such "Confidential Information" must be pursuant to a Protective Order from the Court.

(b) Good cause further exists because if this confidential information were made public in this proceeding, it could allow for misuse of the peace officer personnel information and other official information in other judicial and administrative proceedings. Additionally, the named defendant is currently an active peace officer, who regularly works in the field; therefore, if this confidential information were made public, the information could be misused in ways that endanger the lives of the officers and their families and/or interfere with their law enforcement duties.

### 3) **USE OF CONFIDENTIAL INFORMATION:**

CONFIDENTIAL INFORMATION shall be used in this litigation as follows:

(a) CONFIDENTIAL INFORMATION shall be used solely in connection with this litigation and the preparation of this case, or any related appellate proceeding, and not for any other purpose, including any other litigation or administrative proceedings.

(b) CONFIDENTIAL INFORMATION produced in this action may be designated by Defendants by marking each page of the document(s) with a stamp stating "CONFIDENTIAL." Should Plaintiff seek any CONFIDENTIAL INFORMATION from sources other than through Defendant's counsel, Plaintiff must provide Defendants with written notice of their intent to do so no later than ten days prior to seeking such documents. This notice shall include the name, address, and telephone number of the person or entity from whom Plaintiff seeks such CONFIDENTIAL INFORMATION, and a detailed description of any documents or

*19477*

3
**[PROPOSED] PROTECTIVE ORDER**

information sought.  Should the CONFIDENTIAL INFORMATION be sought through a subpoena, timely service of the subpoena itself on Defendants' counsel shall constitute sufficient written notice.  Plaintiff agrees that the first review of documents or information obtained in this manner shall be in the joint presence of both Plaintiff's counsel and Defendants' counsel, and that Defendants may mark the documents and/or testimony as "CONFIDENTIAL" in accordance with the procedures outlined herein.  This subsection does not modify or alter any requirements under the Local Rules or the Federal Rules of Civil Procedure, or preclude Defendants from seeking a protective order prior to the production of any CONFIDENTIAL INFORMATION.

(c) Information that has been designated as CONFIDENTIAL INFORMATION shall be filed with the Court pursuant to Local Rule 79-5. The proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information under seal. Further, the use of material designated CONFIDENTIAL INFORMATION in this matter must follow the procedures outlined in Local Rule 79-5.2.2.

(d) Testimony taken at a deposition may be designated as CONFIDENTIAL by making a statement to that effect on the record at the deposition.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

(e) At any time after receipt of documents labeled "CONFIDENTIAL," Plaintiff may provide Defendants with a written objection to the classification of specific documents as "CONFIDENTIAL" and the basis for Plaintiff's objection. Upon receipt of such written objection, the Defendants shall provide a written response to Plaintiff within three business days. If the Defendants do not agree with the position of Plaintiff, the Plaintiff shall have the option of proceeding with a discovery motion, pursuant to Local Rule 37 *et seq.*, or with any other motion or application contesting the confidential nature of the disputed documents. The parties

*19477*

shall comply with the meet and confer requirements of the Local Rules of Court prior to the filing of any such motion. The Defendants shall bear the burden of establishing the confidential nature of the disputed documents.

(f) Under no circumstances shall the CONFIDENTIAL INFORMATION, or the information contained therein, be retained or disseminated, in any form, except for purposes of this litigated matter in accordance with this Protective Order or by further order of the Court.

(g) Defendants reserve all evidentiary objections, including but not limited to the following objections: on grounds that particular documents are CONFIDENTIAL by the attorney-client privilege and/or the attorney work product doctrine; official information privilege; are not likely to lead to the discovery of admissible evidence, and as such are not relevant to the causes of action raised by this lawsuit under Federal Rules of Civil Procedure, Rule 26(a)(1)(A)(B); and all remedies under the code, including the right to recess the deposition to bring a protective order before the Court.

(h) Plaintiff reserves all rights and remedies under the Federal Rules of Civil Procedure and the Federal Rules of Evidence pertaining to discovery.

(i) CONFIDENTIAL INFORMATION and the information contained therein may not be disclosed, except as set forth in paragraph (i)(1) below.

    1. CONFIDENTIAL INFORMATION may only be disclosed to the following persons:

        i. The Plaintiff.

        ii. Counsel for Plaintiff in this litigation only

///

        iii. City of Desert Hot Springs and counsel for the City of Desert Hot Springs in this litigation only.

        iv. Daud Chang and counsel for same in this litigation only.

        v. County of Riverside and counsel for same in this litigation only

        vi. Paralegal, law clerk, stenographic, clerical, and secretarial

personnel regularly employed by counsel referred to in paragraph 3(i)(1)(i)-3(i)(1)(v) above.

    vii. Court personnel, including stenographic reporters, necessary for the preparation and processing of this action.

    viii. Any expert or consultant retained in the instant case.

    ix. Any individual approved by the Court.

(j) CONFIDENTIAL INFORMATION shall not be divulged to any other person or entities, including the print, radio, television, or any other media, save consent of all of the parties to this action, or, an order from a court of competent jurisdiction.

(k) CONFIDENTIAL INFORMATION shall not be posted on the internet or on any website, save consent of all of the parties to this action, or, an order from this Court.

(l) If CONFIDENTIAL INFORMATION is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and requested to be filed under seal in accordance with Local Rule 79-5.

Nothing in paragraph 3(f) is intended to prevent authorized government officials for the City of Desert Hot Springs from having access to the documents if they had access in the normal course of their job duties.

(m) Plaintiff, Plaintiff's counsel, Defendants, and Defendants' counsel shall cause the substance of this Protective Order to be communicated to each person, other than the Court and its personnel, to whom CONFIDENTIAL INFORMATION is revealed and/or disseminated and shall obtain agreement to abide by the Protective Order from each such person.

(n) After completion of the judicial process in this case, including any appeals or other termination of this litigation, all CONFIDENTIAL INFORMATION shall not lose its confidential status. Additionally, all CONFIDENTIAL INFORMATION received under the provisions of this Order and copies thereof shall be destroyed or

*19477*

6

[PROPOSED] PROTECTIVE ORDER

returned to the attorneys of record for Defendants. The provisions of this Order shall be in effect until further order of this Court.

(o) Any counsel, expert, or consultant retained in the instant case or investigator retained by counsel for any party to this case, shall not disclose the CONFIDENTIAL INFORMATION or the information contained therein in to any other persons or entities for any reason, save consent of all of the parties to this action, or, an order from this Court or from a Court of competent jurisdiction.

(p) Provisions of this Order insofar as they restrict disclosure and the use of material shall be in effect until further order of this Court; however, any use of CONFIDENTIAL INFORMATION at trial shall be governed by the orders of the trial judge. This Order does not govern the use of CONFIDENTIAL INFORMATION at trial.

(q) For good cause, any party may seek a modification of this Order, by first attempting to obtain the consent of the other parties to such modification, and then, absent consent, by application to this Court.

**IT IS SO ORDERED**

DATED: January 17, 2019

_____

HONORABLE SHERI PYM

UNITED STATES MAGISTRATE JUDGE